Grafton
No. 82-071

### HERBERT RICHTER & a.

v.

### MOUNTAIN SPRINGS WATER COMPANY, INC.

September 10, 1982

*Law Office of Laurence F. Gardner*, of Hanover (*H. Bernard Waugh, Jr.*, on the brief and orally), for the plaintiffs.

*Myers & Laufer*, of Concord (*Daniel A. Laufer* on the brief and orally), for the defendant.

BATCHELDER, J.   The issue in this case is whether the Superior Court (*Johnson*, J.) properly declared that express covenants concerning water service, running with the land and contained in a deed, were binding between the parties, their successors, and heirs. We find no error and affirm.

Town and Country Homes, Inc. (TCH) was the owner of land located in the town of Haverhill. It subdivided the land and sold it to the plaintiffs and others. The plaintiffs all own vacant lots in the subdivision. Contained in all of the deeds was the following covenant:

> "The owner of any vacant lot must, when a structure used for habitation or business is erected thereon, use the potable water system installed in the subdivision and pay in a tie-in charge therefor and thereafter an annual charge based on a tariff formula to be established from time to time by vote of a Water Precinct as provided by New Hampshire Law."

In the later deeds issued by TCH, a second covenant was added:

> "The owner of any vacant lot must pay a water main stand-by fee of twenty-five ($25.00) dollars per year commencing on the day a live main is placed in front of his lot whether or not it is located on his side of the street."

TCH supplied water to the subdivision purchasers until the New Hampshire Water Supply and Pollution Control Commission ordered it to obtain a franchise to act as a water utility. TCH then formed a subsidiary, the defendant Mountain Springs Water Company, Inc., to which all of TCH's water system assets were conveyed. TCH has since filed for bankruptcy.

In 1976, the New Hampshire Public Utilities Commission (PUC) authorized a standby rate of $25 per year for all vacant lots served by the defendant. In 1977, the PUC authorized an emergency standby rate of $60 per year for all vacant lots served by the defendant. The plaintiff landowners contested the payment of these fees in a petition for declaratory judgment filed in Grafton County Superior Court. Because the trial court held that a reasonable person would believe that no standby charges were contemplated in the first covenants, it ruled that those plaintiffs whose deeds contained only the first covenant could not be forced to pay any standby fee and those whose deeds contained the second covenant

could not be forced to pay more than $25 per year for a standby fee. No party has challenged the interpretation of the covenants by the trial judge.

■■ The defendant argues that the PUC orders override the covenants contained in the deeds. We agree that the PUC has the power to alter or amend rates charged by public utilities, RSA 378:7, and that such action may not violate the contract clause, U.S. CONST. art. I, § 10, or the due process clause, U.S. CONST. amend. XIV, § 1. *Midland Co. v. K.C. Power Co.*, 300 U.S. 109, 112–13 (1937). The usual situation involves a contract only for the utility services rendered. *See, e.g., id.* at 110–11. There are, however, special factors present in this case. Here, the covenants were part of the express basis of the bargain for the purchase of real estate. There is privity between the parties because the defendant was a subsidiary of the grantor. It was formed only to supply water to TCH's grantees. The trial judge found that the defendant was actually and/or constructively aware of the covenants in the deeds. It would be inequitable to allow the defendant to avoid the covenants, and we therefore affirm the trial court.

*Affirmed.*

All concurred.